In the Matter of **MIAMI GENERAL HOSPITAL, INC.,** Debtor.

Bankruptcy No. 87–02131–BKC–AJC.

United States Bankruptcy Court, S.D. Florida.

July 24, 1987.

Gui L.P. Govaert, Trustee.

Joseph A. Gassen, Miami, Fla., for trustee.

Mark Gold, Miami, Fla.

**ORDER ADJUDICATING JULES KRASNER AND HOSKINS MOTOR TREND LEASING TO BE IN CONTEMPT, PROVIDING FOR SANCTIONS TO BE IMPOSED SUBJECT TO PURGING BY COMPLIANCE WITH COURT RULING**

A. JAY CRISTOL, Bankruptcy Judge.

On July 22, 1987 a hearing was held pursuant to the order entered July 16, 1987 requiring Jules Krasner and Motor Trend Leasing to show cause why they should not be held in contempt and sanctioned accordingly by reason of their willfully violating the automatic stay imposed in this cause pursuant to 11 U.S.C. § 362 by removing and failing to return the Ford Aerostar Mini-van referred to in the motion of Gui L.P. Govaert, trustee herein, for order to show cause filed on July 16, 1987. The court has considered the testimony of Jules Krasner and Gui L.P. Govaert, as well as admissions made in open court at the hearing and finds that respondent referred to as Motor Trend Leasing is, in fact, known as Hoskins Motor Trend Leasing, that Jules Krasner is a duly authorized officer and agent of Hoskins Motor Trend Leasing, that Krasner on behalf of Hoskins Motor Trend Leasing caused the Ford Aerostar Mini-van to be repossessed without any authorization and failed to return it upon demand by the trustee, that Krasner was on telephone notice that the order for relief had been entered in this case, that Govaert had been appointed trustee and that the automatic stay prohibited the repossession of the Ford Aerostar Mini-van without authorization and that after the Mini-van had been taken by the respondents they were given an opportunity to return it before the trustee's motion for order to show cause was filed, all of which the court finds to be in willful violation of 11 U.S.C. § 362. In open court on July 22, 1987 the court orally announced its ruling that Jules Krasner and Hoskins Motor Trend Leasing were found to be in willful violation of 11 U.S.C. § 362 and as punishment for such willful violation and civil contempt the court announced the imposition of fines against Jules Krasner and

Hoskins Motor Trend Leasing in the amount of $25,000 and sentenced Jules Krasner to ten (10) days confinement subject, however, to Hoskins Motor Trend Leasing and Jules Krasner purging themselves of such contempt by returning the vehicle to the trustee before 5:00 p.m. on July 22, 1987. The court has been advised by the trustee through his counsel that the Ford Aerostar Mini-van was, in fact, returned to the trustee within the time set forth. By reason of the foregoing, it is,

ORDERED, as follows:

1. Hoskins Motor Trend Leasing and Jules Krasner are held to be in willful violation of 11 U.S.C. § 362 by reason of their removing the Ford Aerostar Mini-van from the possession, custody and control of the trustee without authorization and failing to return the same and are hereby held to be in civil contempt.

2. As punishment for such willful violation and civil contempt the court has imposed a fine of $25,000 against Jules Krasner and Hoskins Motor Trend Leasing and has sentenced Jules Krasner to ten (10) days confinement. However, the respondents having purged themselves of the contempt by returning the vehicle prior to 5:00 p.m., July 22, 1987 and prior to the entry of this order, the payment of said fine and the sentence of confinement are hereby suspended.

3. The court reserves jurisdiction to consider the assessment of actual damages, including costs, attorneys' fees, and punitive damages as allowable under 11 U.S.C § 362(h) upon application for such by the trustee.